UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGELO ANGEL RIVAS,<br><br>Defendant. | Case No. 1:16-cr-00080-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Angelo Angel Rivas' letter request for compassionate release. *See* Dkt. 38. The Government opposes the request. For the reasons explained below, the Court will deny Rivas' request for a compassionate release.

# BACKGROUND

Rivas is serving a 120-month sentence for possession with intent to distribute methamphetamine and heroin. As of this writing, Rivas' projected release date is October 31, 2024. Rivas states that in August 2020, he was approved "at the institutional level" for home confinement under the CARES Act. He says this plan was derailed, however, when someone in "the central office" summarily denied the request. He asks the Court to step in and grant a compassionate release under the CARES Act.

## DISCUSSION

**1. The Governing Legal Standard**

The Court will interpret Rivas' letter motion as seeking compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the Court engages in a three-step process. First, the Court must consider the 18 U.S.C. § 3553(a) factors. Second, the Court must find that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), and that such a reduction "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

**2. Analysis**

Mr. Rivas has exhausted his administrative remedies and the motion is properly before the Court. The Court is not persuaded, however, that Mr. Rivas should be granted a compassionate release.

This request fails at the first step. As the governments points out, Rivas has asserted only a generalized fear of re-contracting COVID-19. This is not sufficient

to establish "extraordinary and compelling" reasons for a sentence reduction under § 3582(c)(1)(A). The motion will be denied for that reason alone.

Further, even assuming there were an extraordinary and compelling reason for a sentence reduction, the motion would fail at the next steps. Regarding step two of the analysis, application of the § 3553(a) factors do not support a sentence reduction. These factors consider such things as: (1) the characteristics of the defendant; (2) the nature of the offense; and (3) various penological goals, such as the need to promote respect for law and to protect the public. The Court carefully considered each of these factors in imposing Mr. Rivas' sentence in this case. The Court has again reviewed these factors in considering this motion and does not find that a sentence reduction is warranted. Likewise, based on the record in the case, Court cannot find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Rather, the Court believes this defendant should serve out the remainder of his sentence.

## ORDER

**IT IS ORDERED** that Angelo Angel Rivas' Motion for Compassionate Release (Dkt. 38) is **DENIED.**

DATED: March 10, 2021

B. Lynn Winmill
U.S. District Court Judge